FILED
2009 Mar-31 PM 05:38
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| **DEREK BERRY,** | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| vs. | ) |
| | )   **Case No. 5:06-cv-00767-CLS-JEO** |
| **PAUL WHALEY, RICHARD** | ) |
| **ALLEN, BILLYMITCHEM,** | ) |
| **BRIAN BROADFOOT and** | ) |
| **MARK REEVES,** | ) |
| | ) |
|    Defendants. | ) |

## MEMORANDUM OF OPINION

The magistrate judge filed a Report and Recommendation in this action on February 6, 2009, recommending that the defendants' motion for summary judgment was due to be granted in part and denied in part. More specifically, this recommendation provided that the claims against defendants Paul Whaley, Richard Allen and Billy Mitchem were due to be dismissed with prejudice. The plaintiff filed objections on February 20, 2009.

## I.   DISCUSSION

The plaintiff, Derek Berry, is an inmate incarcerated at the Staton Correctional Facility. He alleges that in 2005 the defendants, including Director of Classification Paul Whaley, Warden Billy Mitchem, Correctional Officer Brian Broadfoot, and

Correctional Officer Mark Reeves, failed to protect him from a dangerous inmate.

In the report and recommendation, the magistrate judge found as follows:

> .... Tony Willis is an inmate in the Alabama Penal System. On March 30, 2005, inmate Willis was transferred from single-cell confinement at Bullock Correctional Facility to Limestone Correctional Facility.[1] (Doc. #33, Ex. 1, p. 2).[2] In the seven-month period preceding Willis' transfer, he received five disciplinary infractions for threatening the life of an officer, assaulting an officer, attempting to hang himself with a noose fashioned from a bed sheet, insubordination and for failure to obey a direct order. (Doc. #41, Ex. 10, pp. 12-22). Additionally, Willis had a prior conviction for assault on a prison guard in Michigan. (Doc. #44, Ex. G). Despite his violent history, Willis was released to the general population at Limestone on April 25, 2005. (Doc. #38, Ex. 1, p. 5).
>
> At all times relevant to this action, the plaintiff was assigned to a bed in the day room of Dormitory #10A at Limestone.[3] (Doc. #1, p. 9). On July 31, 2005, at approximately 10:26 p.m., while in his assigned bed, the plaintiff was attacked by Willis without provocation.[4] *Id.* Using a box cutter, Willis stabbed the plaintiff on his neck, head, face, back, left upper arm, forearm, wrist, hand, shin and right thigh. (Doc. #33, Ex. 7, p. 2). The plaintiff contends that while he was being attacked, defendants Broadfoot and Reeves, who were in the control

---

[1] Both Bullock and Limestone are level IV medium security facilities. (Doc. #33, p. 16).

[2] References herein to "Doc. # ___" are to the document numbers assigned by the Clerk of the Court. References herein to "Ex. ___" are to the exhibits attached to the pleadings.

[3] In order to accommodate additional inmates, twenty-eight (28) sets of bunk beds were placed in the day room of Dormitory #10A. (Doc. #1, p. 13).

[4] The defendants were not able to locate either a case file or investigative report regarding the incident, however a disciplinary report produced by the defendants states that an investigation was conducted by defendant Mitchem which concluded that the attack was without provocation. (Doc. #41, Ex. 9; Doc. #41, Ex. 10, p. 4).

cubicle, watched the attack for a period of ten to fifteen minutes before responding.[5] (Doc. #1, p. 22-23; Doc. #44, Ex. 2-4).

In contravention to the plaintiff's allegations, defendant Broadfoot claims that upon seeing the plaintiff "lying in a pool of blood on the floor with a crowd of inmates around him yelling," he immediately exited the cubicle. (Doc. #33, Ex. 6, p. 1).[6] Defendant Broadfoot then ordered four inmates to place plaintiff in a laundry cart for transport to the health clinic, accompanied by Officer Romine. (Doc. #33, Ex. 6, pp. 1-2).

At approximately 11:04 p.m., the plaintiff was treated by paramedics and transported to the Intensive Care Unit at Huntsville Hospital, where he was treated for six days. (Doc. #33, Ex. 7, p. 3; Doc. #1, p. 15). As a result of the attack, the plaintiff suffers permanent scarring and nerve damage. (Doc. #1, p. 15). On August 2, 2005, Willis was reclassified to maximum level security. (Doc. #41, Ex. 10, pp. 29-30).

The magistrate judge further recommended dismissal of the plaintiff's Eighth Amendment claims against defendant Mitchem because the record fails to show that defendant Mitchem had knowledge that inmate Willis presented a substantial risk of serious harm to the plaintiff.

In his objections, the plaintiff argues that defendant Mitchem, as Warden of Limestone Correctional Facility, knew or should have known that inmate Willis had a violent history, and therefore should not have released inmate Willis to the general

---

[5]Officers Broadfoot and Romine were the assigned "rovers" for Dormitory 10A, and Officer Reeves was cubicle officer. (Doc. #33, Ex. 7, p. 1). Officer Romine is not named as a defendant in this action.

[6] Willis disposed of the weapon before a guard arrived on the scene. (Doc. #38, Ex. 5).

population. (Doc. # 48, p. 2). The plaintiff cites *Farmer v. Brennan*, 511 U.S. 825, 114 S. Ct. 1970 (1994), in support of his argument that prison officials have a duty to protect when they are "on notice a particular inmate will assault another inmate without any specific person in mind." (*Id.* at p. 2). However, the plaintiff misconstrues the holding in *Farmer*. The Supreme Court there held that a prison official may be held liable for an Eighth Amendment violation only if he knows that inmates face a substantial risk of serious harm, and disregards that risk by failing to take reasonable measures to abate it. *Id.* The Court mandates a subjective inquiry to the state of mind of the prison official, and rejects the proposition of a purely objective test of whether the risk should have been known. *Id.* at 826. Under *Farmer*, liability may not be premised on "obvious or constructive notice" of a danger if the requisite subjective knowledge is not shown. *Id.*

The plaintiff further objects to the magistrate judge's recommendation that the claim of supervisory liability against defendant Mitchem is due to be dismissed. (Doc. #48, p. 3). The plaintiff argues that the facts show causation between the defendant's conduct and the plaintiff's injuries, citing *Greason v. Kemp*, 891 F.2d 829 (11th Cir. 1990). However, as stated above, the facts do not support a finding that defendant Mitchem consciously disregarded a known risk of a danger to inmate safety, a requisite element for a finding of supervisory liability under *Greason. See*

4

*also Braddy v. Florida Dep't of Labor & Employment Sec.*, 133 F.3d 797, 802 (11th Cir. 1998).  Therefore, because there is no question of material fact on this issue, summary judgment is appropriate.

## II.   CONCLUSION

Having carefully reviewed and considered *de novo* all the materials in the Court's file, including the report and recommendation, and the objections filed by the plaintiff, the Court is of the opinion that the magistrate judge's report is due to be and is hereby **ADOPTED** and the magistrate judge's recommendation is **ACCEPTED**.  The Court finds as follows:

1.   There are no genuine issues of material fact as to the plaintiff's Eighth Amendment claims against Paul Whaley, Richard Allen, and Billy Mitchem.  Therefore, Defendants Whaley, Allen and Mitchem's motion for summary judgment is due to be **GRANTED** and all claims against Defendants Whaley, Allen and Mitchem are due to be **DISMISSED WITH PREJUDICE**; and,

2.   There are genuine issues of material fact as to the plaintiff's Eighth Amendment claims against Brian Broadfoot and Mark Reeves.  Therefore, Defendants Broadfoot and Reeves' motion for summary judgment is due to be **DENIED**.

An appropriate order will be entered.

DONE this 31st day of March, 2009.

_____
United States District Judge